Gaston, Judge.
 

 — Upon this appeal the only question presented is, whether a postmaster is exempt from serving as a juror on the original panel. The act of Congress, 1825, eh. 275, sec. 35, declares this exemption in explicit terms. If the postmaster has it not, it must be because this provision of the act is not warranted by the constitution of the United States, and is therefore null. The attorney general has declined to take that ground here, and we must therefore consider it as virtually abandoned. We think that it has been properly abandoned. Under the authority “to
 
 establish post offices,”
 
 Congress can rightfully require of the postmasters to devote their time and attention to the execution of their appropriate duties, and by such an exemption to secure them against compulsory interruptions in the performance of these duties. Were the exemption given as a personal privilege, it would present a different inquiry. But we do not so regard it. Respect for the constituted authorities of the general government, and a due sense of the necessity of harmony between the institutions of the United States, and the municipal regulations of the individual states, forbid such an interpretation, except it were unavoidable.
 

 It may not be improper to remark, that our decision does not apply to the case of a postmaster who shall be called on as a bystander to make up a jury. Should he have official engagements demanding his attention, upon making this known to the court, it ought, and would, no doubt, excuse him. But the fact of his being a bystander furnishes a presumption that the duties of his office leave
 
 *374
 
 him then at leisure to perform those which, in common with other freeholders, he owes to the state — to aid her in the administration of justice.
 

 The attorney general has objected that the judgment below was conclusive, and that no appeal lies therefrom. This objection is not tenable. The judgment below was on a matter of right, and not of discretion, and the party aggrieved thereby can, under the broad terms of the acts defining the jurisdiction of this court, insist on the legality of that judgment being examined into here. An appeal in a case of precisely this character was entertained without objection in
 
 The State
 
 v.
 
 Hogg, 2
 
 Murph. Rep. 319; S. C. N. C. Term Rep. 254.
 

 It is the opinion of this court that the judgment below is erroneous, and that a certificate to this effect be sent to the court below.
 

 Per Curiam. Judgment reversed.